UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
THOMAS H. LEE EQUITY FUND V, L.P.,
THOMAS H. LEE PARALLEL FUND V, L.P. and
THOMAS H. LEE EQUITY (Cayman) FUND V,
L.P.

                        Plaintiffs,

            v.

GRANT THORNTON LLP

                        Defendant.

------------------------------------x

**07 CIV 8663**

## NOTICE OF REMOVAL

Defendant Grant Thornton LLP ("Grant Thornton") hereby removes the above-captioned matter from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. This Court has original subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1334, and thus removal is proper under 28 U.S.C. § 1452. In support of the removal, Defendant states as follows:

### I.   The Refco Bankruptcy and the Complaint

1.     On October 17, 2005, Refco Inc. ("Refco") and certain of its affiliates each filed voluntary petitions for reorganization pursuant to Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of New York. *In re Refco Inc., et al.*, Case No. 05-60006 (RDD). Although the Bankruptcy Court has recently confirmed a plan of liquidation for the majority of Refco debtors (the "Plan"), the bankruptcy cases remain pending before Judge Robert D. Drain. In the Plan, the Bankruptcy Court retained jurisdiction over all matters arising out of and related to the Chapter 11 cases.

2. On August 16, 2007, Thomas H. Lee Equity Fund V, L.P., Thomas H. Lee Parallel Fund V, L.P. and Thomas H. Lee Equity (Cayman) Fund V, L.P. (collectively, "TH Lee Plaintiffs") filed a Complaint against Grant Thornton in the Supreme Court of the State of New York, County of New York, Index No. 602774/07 ("TH Lee Action" or "Action"). Counsel for Grant Thornton was served with a copy of the Summons and Complaint on September 5, 2007. A true and correct copy of that Summons and Complaint is attached as Exhibit A.

3. TH Lee's Complaint asserts a series of claims relating to the collapse of Refco and certain of its affiliates. Specifically, the Complaint asserts claims against Grant Thornton for Aiding and Abetting Fraud (Count One), Misrepresentation (Count Two), and Professional Malpractice (Count Three). The TH Lee Plaintiffs seek compensatory damages for at least $245 million, costs and disbursements incurred in connection with the Action, and other equitable relief as determined by the Court.

**II. Grounds For Removal**

4. This Court has original jurisdiction over the TH Lee Action pursuant to the "related to" jurisdiction provision of 28 U.S.C. § 1334(b), which provides that "[n]otwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b) (emphasis added).

5. The TH Lee Action is "related to" the Refco bankruptcy because it is at least conceivable that the Action will impact the bankruptcy and because the subject of the Action has a substantial nexus with the bankruptcy. *See In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir. 1992) ("[t]he test for determining whether litigation has a significant connection with a

pending bankruptcy proceeding is whether its outcome might have any 'conceivable effect' on the bankruptcy estate"); *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 318 (S.D.N.Y. 2003), *aff'd*, *California Pub. Empl. Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86 (2d Cir. 2004).

6. The TH Lee Action conceivably could affect the estate and the bankruptcy proceeding in several ways, including the following:

(a) The outcome of this lawsuit may impact distributions to, and relative compensation for, creditors of the Refco estate. Defendant Grant Thornton has outstanding claims against Refco and certain affiliates, including claims for contribution, that remain pending in the bankruptcy. The question whether these claims will be allowed has been adjourned without date so that the claims can be liquidated in the first instance in various litigation matters pending against Grant Thornton. Grant Thornton may seek to assert these claims in the TH Lee Action as third-party claims against the estate. At a minimum, however, the amount of Grant Thornton's liability in this case – if any – will at least conceivably impact the amount Grant Thornton will collect from the estate on its claims and thereby would also impact the amount available to other creditors.

(b) The TH Lee Plaintiffs also have outstanding claims pending in the bankruptcy. The TH Lee Plaintiffs' claims for contribution and indemnification have been disallowed and their claims for fraud and breach of contract are categorized as subordinate claims, but their rights with respect to otherwise outstanding claims are still preserved. The amount the TH Lee Plaintiffs recover in this action – if any – would also necessarily impact the amount of damage for which they may still seek recovery in the bankruptcy, which in turn could also have a direct impact on distributions from the bankruptcy estate.

7. Accordingly, the TH Lee Action may properly be removed under 28 U.S.C. § 1452, which provides that "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a); *see also* Fed. R. Bank. P. 9027.

8. The lawsuit filed by the TH Lee Plaintiffs is a "non-core" proceeding under 28 U.S.C. § 157(b)(2). Grant Thornton does not consent to entry of final orders or judgments by the Bankruptcy Court in this Action.

9. This notice is being filed within thirty days of the date on which Defendant Grant Thornton received, through service or otherwise, a copy of the initial pleading. Therefore, it is timely for purposes of 28 U.S.C. 1446(b) and Federal Rule of Bankruptcy Procedure 9027(a)(3)(A).

10. As required by 28 U.S.C. § 1446(d) and Federal Rule of Bankruptcy Procedure 9027(b) and (c), a copy of this notice will be served on counsel for Plaintiffs and filed with the Clerk of the Court for the Supreme Court of the State of New York, New York County.

Respectfully submitted,

By: *Ruth Braun*

David E. Mollón (DM-5624)
Ruth A. Braun (RB-2410)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193

Of counsel:
   Bradley E. Lerman
   Linda T. Coberly
   Catherine W. Joyce
   WINSTON & STRAWN LLP
   35 W. Wacker Drive
   Chicago, IL 60601-9703

*Attorneys for Grant Thornton LLP*

Dated: October 5, 2007

## CERTIFICATE OF SERVICE

I, Rachael Reese, an attorney, do hereby certify that on October 5, 2007, I caused a true and correct copy of the foregoing Notice of Removal as well as the Civil Cover Sheet and Grant Thornton LLP's 7.1 Disclosure Statement to be served upon the counsel of record as follows:

Greg A. Danilow
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153

*Attorneys for Plaintiffs*
(by hand)

_____
Rachael Reese